Filed 11/3/15  P. v. Duvigneaud CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIRBY DUVIGNEAUD,<br><br>    Defendant and Appellant. | B262565<br><br>(Los Angeles County<br>Super. Ct. No.  A773412) |

        APPEAL from an order of the Superior Court of Los Angeles County, James R. Brandlin, Judge.  Affirmed.

        Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

On January 26, 2015, Kirby Duvigneaud filed a motion to modify a $5,000 restitution fine imposed in 1986.  He argued that the probation report established his present and future inability to pay a $5,000 fine.  Although acknowledging that the sentencing court had considered the probation report, he contended that the court had abused its discretion in setting the amount of the fine at $5,000.  He requested that the trial court reduce the restitution fine to $200, the minimum amount statutorily required.

The trial court denied the motion, holding that it was untimely, that Duvigneaud had waived the issue by failing to make a timely objection to the amount of the fine, and that he had failed to show the sentencing court had abused its discretion in setting the amount.

Duvigneaud noticed an appeal from the trial court's order denying his motion.  After examining the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.)  Appellant filed a supplemental letter brief, asserting the same arguments he had made in his motion to modify the restitution order.  Appellant never addressed the timeliness of his motion.

When appellant was sentenced in 1986, the relevant statutes authorized the sentencing court to consider a defendant's ability to pay in imposing a restitution fine.  (See *People v. Williams* (2015) 61 Cal.4th 1244, 1291 [citing former Pen. Code, § 1202.4, subd. (a); former Pen. Code, § 13967, subd. (a)].)  The record indicates that appellant did not raise the instant claim -- that the trial court failed to consider his ability to pay -- during his sentencing.  Rather, he raised it for the first time in the instant matter.  Accordingly, he has forfeited the claim.  (See *ibid*. [failure to raise claim of inability to pay restitution fine at sentencing results in forfeiture of claim].)  Moreover, appellant has not produced a sufficient record to

2

demonstrate that the trial court failed to consider his ability to pay the restitution fine. (See *ibid*. [noting that defendant failed to produce facts showing that sentencing court did not properly exercise its authority to consider defendant's ability to pay fine].)

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and that no arguable issues exist. Accordingly, we affirm the order denying appellant's motion to modify the 1986 restitution order.

### DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.